**FILED**
JUN 1 2 2018
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Robin Cater,<br>　　　Plaintiff,<br><br>v.<br><br>Lovely Nails, Inc.,<br>　　　Defendant. | Case No. 1:18-cv-1790 JMS-DLP<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

I, Robin Cater, the plaintiff in the above-captioned matter, aver as follows:

### JURISDICTION AND VENUE

1. This court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over my state law claims because these claims are so related to my federal law claims as to form part of the same case or controversy.

2. Venue is appropriate in the United States District Court for the Southern District of Indiana because each of the defendants do business in and are incorporated in this District and moreover the defendants' unlawful acts and practices occurred in Carmel, Hamilton County, Indiana.

### PARTIES

3. I, Robin Cater, the plaintiff, am an African-American woman. I suffer from a severe anxiety disorder, attention-deficit hyperactive disorder and gender dysphoria. These disabilities substantially limit me with regard to major life activities, such as retaining employment and engaging in social interaction. My gender dysphoria is distinct from any of the conditions described in 42 U.S. Code § 12211(b)(1) because it causes me clinically significant stress and other impairments that may be disabling and, in the alternative, it results from a physical impairment.

4. On information and belief, Defendant Lovely Nails, Inc., is a domestic for-profit corporation duly incorporated and organized under the the laws of the state of Indiana. Its principal office address is 8415 Bell Oaks Drive, Newburgh, IN, 47630. Its registered agent is Jesse Pham, who receives service of process at 4488 Foxmoor Drive, Newburgh, IN, 47630. It maintains a place of public accommodation, as defined by 42 U.S.C. § 12181(7)(F) and 42 U.S.C. § 2000a(b)(3) and any other applicable law, at 4000 W 106th, Suite 170, Carmel, IN 46032.

## Factual Allegations

5. On March 10, 2017, I went to have my eyebrows waxed at Lovely Nails, Inc.'s location at 4000 W 106th, Suite 170, Carmel, IN 46032. This procedure was performed by a person whose identity is unknown to me but who was an employee of the defendant acting within the scope of her employment. At all times, her acts were calculated to benefit the defendant.

6. The person who performed the procedure knew of my disabilities and commented upon them, and moreover commented on my race and my disabilities repeatedly in Vietnamese to her co-workers.

7. During the course of my procedure, she was particularly and unusually rough, and intentionally or, in the alternative, with gross negligence, or, in the alternative, negligently ripped off a large piece of my skin under my right eye. The pain causing me to request her to stop, the employee carried on without my consent in an insolent manner, thereby ripping off a smaller piece of skin under my left eye. This has since left me with permanent scarring under both eyes which will require surgical treatment to address.

8. None of the defendants' employees pointed out that this had happened; on the contrary, they assured me at the time that it looked fine. Nonetheless, I requested, as a reasonable accommodation for my anxiety disorder, a mirror to observe the damage. They refused to provide this accommodation and I was removed from the premises.

9. On information and belief, the defendant has maintained a pattern or practice of discriminating against people of African-American descent and people with certain disabilities, such as myself. Such discrimination caused the defendant's employees to act as they did in this

case, which both caused my injury by their deliberate or, in the alternative, negligent acts, and aggravated this injury by failing to notify me of its existence.

10. On information and belief, other customers of the defendant who are not transgender, African-American or disabled were spared this treatment and the defendant's employees took adequate care to avoid injuring them, in accordance with their policy or practice.

11. The injury and the permanent consequences of which the defendant has inflicted upon me has caused me severe emotional distress, including depression and loss of sleep. It has furthermore caused me pain and suffering, both from the initial injury and the consequences thereof.

12. In addition, I will require cosmetic laser surgery in order to resolve the permanent scarring which the defendant has caused.

13. I am therefore entitled to no less than $200,000 in compensatory damages.

14. The defendant's conduct and the conduct of their employees occurred willfully, wantonly, maliciously and with a deliberate disregard for my rights, entitling me to punitive damages of no less than $100,000.

### CAUSES OF ACTION
### First Cause of Action for Violation of the Americans with Disabilities Act of 1990

15. I reallege each and every single paragraph within this complaint and incorporate each herein.

16. By the above-described conduct, the defendant discriminated against me because of my disability, or perceived disability, to wit, gender dysphoria, anxiety disorder and attention-deficit hyperactive disorder, and failed to reasonably accomodate my disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201 *et seq.* In addition, they intentionally did not take reasonable [*reasonable* handwritten correction] care to avoid injuring me because of the fact of my disabilities. Accordingly, I was injured by their actions as a result in the sum alleged in paragraph 11.

### Second Cause of Action for Violation of Title II of the Civil Rights Act of 1964

17. I reallege each and every single paragraph within this complaint and incorporate each herein.

18. By the above-described conduct, the defendant discriminated against me because of the fact that I am African-American, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*. In addition, they intentionally did not take reasonable care to avoid injuring me because of the fact of my color. Accordingly, I was injured by their actions as a result in the sum alleged in paragraph 11.

### Third Cause of Action for Violation of Indiana Code Indiana Code §22-9-1-2 *et. seq.*

19. I reallege each and every single paragraph within this complaint and incorporate each herein.

20. By the above-described conduct, the defendant discriminated against me because of the fact that I am African-American, in violation of Indiana Code §22-9-1-2 *et. seq*. In addition, they intentionally did not take reasonable care to avoid injuring me because of the fact of my color. Accordingly, I was injured by their actions as a result in the sum alleged in paragraph 11.

### Fourth Cause of Action for Battery

21. I reallege each and every single paragraph within this complaint and incorporate each herein.

22. By the above-described conduct, the defendant's employee knowingly, intentionally or recklessly in a rude, insolent and angry manner and without my authorization. The defendant's employee acted within the scope of her employment and on the implied authority of her employer, and I was injured as a result in the sum alleged in paragraph 11.

### Fifth Cause of Action for Intentional Infliction of Emotional Distress

23. I reallege each and every single paragraph within this complaint and incorporate each herein.

24. By the above-described conduct, the defendant's employee, acting within the

scope of her employment and on the implied authority of her employer, acted in an extreme and outrageous manner, intentionally or, in the alternative, recklessly causing me severe emotional distress, and I was injured as a result in the sum alleged in paragraph 11.

### Sixth Cause of Action for Gross Negligence

25. I reallege each and every single paragraph within this complaint and incorporate each herein.

26. By the above-described conduct, the defendant's employee, acting within the scope of her employment and on the implied authority of her employer, acted or failed to act with reckless disregard of the consequences that would ensue from her behavior, in the process violating state statutes relating to the licensing of beauty shops and salons, and I was injured as a result in the sum alleged in paragraph 11.

### Seventh Cause of Action for Negligence

27. I reallege each and every single paragraph within this complaint and incorporate each herein.

28. By the above-described conduct, the defendant's employees, acting within the scope of their employment and on the implied authority of their employer, made false statements of important fact, to wit, that there was no issue with my eyebrows, knowing that those statements were false; they acted with the intent to have me act upon them, I reasonably relied upon those representations, and my reliance thereupon aggravated my injury and stopped me from taking remedial action which may have mitigated the extent of my scarring.

### Eighth Cause of Action for Negligence

29. I reallege each and every single paragraph within this complaint and incorporate each herein.

30. By the above-described conduct, in the alternative to the causes of action alleged above, the defendant's employee, acting within the scope of her employment and on the implied authority of her employer, was negligent, and I was injured as a result in the sum alleged in para-

graph 11.

## Prayer for Relief

Wherefore, I pray:

1. that judgment enter judgment in my favor and against the defendant;
2. for a declaration that defendant's conduct is and was a violation of the Americans with Disabilities Act of 1990 and Title II of the Civil Rights Act;
3. award me compensatory and punitive damages according to proof, but no less than $200,000 in compensatory damages and $100,000 in punitive damages;
4. enter a permanent injunction upon proper motion directing the defendant to adopt appropriate policies relating to its treatment of disabled and African-American patrons;
5. award me any reasonable attorneys' fees and costs, if any;
6. and grant me such other and further relief as may be just under the circumstances.

## Jury Trial Demand

I demand a trial by jury on all issues so triable.

Respectfully submitted,

Robin Cater
3891 Carwinion Way
Carmel, IN 46032
(317) 363-1724
caterrobby@gmail.com
May 26, 2018
*Pro se* Plaintiff